UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

ALBERT BLOUNT,

    Plaintiff,

v.                                                  CASE NO. 8:22-cv-1213-SDM-SPF

ONE SOURCE TECHNOLOGY, LLC,

    Defendant.
_____/

# ORDER

After Albert Blount applied to work as a trucker, AAA Cooper Transportation retained One Source Technology, LLC, d/b/a Asurint, to compile a background report about Blount.  Because Asurint's report claimed that Blount had two felony convictions, AAA Cooper Transportation declined to hire Blount, who disputed the accuracy of Asurint's report.  Blount's dispute prompted a second investigation.  During the second investigation, Asurint discovered a copy of Blount's Social Security card and a copy of Blount's North Carolina driver's license in the criminal docket.  Also, the criminal docket contained other discrepant information, including a birthday and a signature different from Blount's and "Ferre" as a middle name, even though Blount has no middle name.  Despite each discrepancy, Asurint declined to modify the report.

Blount again disputed the accuracy of the report and submitted to Asurint a North Carolina State Bureau of Investigation (SBI) record, which states that a search

of Blount's fingerprints revealed no criminal record. Because of the fingerprint search and because of the middle name's appearing in certain records, Asurint deleted the two felony convictions from the report, and AAA Cooper Transportation hired Blount.

Suing under the Fair Credit Reporting Act, Blount claims (1) that Asurint willfully or negligently failed to employ a reasonable procedure to ensure the accuracy of the report and (2) that Asurint willfully or negligently failed to reasonably respond to Blount's dispute about the report. Asurint moves (Doc. 45) for summary judgment, Blount responds (Doc. 48) in opposition, and Asurint replies (Doc. 52).

## BACKGROUND[1]

### I. Asurint's Initial Investigation

Aspiring to serve AAA Cooper Transportation as a truck driver, Blount on February 25, 2022, applied for a job. (Doc. 45-6 ¶ 4) On March 2, 2022, AAA Cooper hired Asurint to perform a background check on Blount. (Doc. 45-6 ¶ 5) AAA Cooper provided to Asurint Blount's name, "Albert Blount"; birthday; Social Security number; and Florida address. (Doc. 45-6 ¶ 6)

To begin the background check, Asurint searched for past addresses associated with Blount's name and with his Social Security number. (Doc. 45-1 ¶ 17) This search revealed a former address in Snow Hill, North Carolina. (Doc. 45-1 ¶ 18) Because of Blount's former address in North Carolina, Asurint queried the criminal

---

[1] The following facts are either undisputed or resolved in favor of Blount.

records of the North Carolina Department of Corrections, which records revealed two felony convictions in the name of an "Albert Blount" with a matching birthday. (Doc. 45-1 ¶ 19)  After discovering these matches in the records of the North Carolina Department of Corrections, Asurint queried the records of the North Carolina Administrative Office of the Courts, which disclosed records revealing two felony convictions in the name of an "Albert Ferre Blount" with a matching birthday and with an address matching Blount's past address in Snow Hill, North Carolina. (Doc. 45-1 ¶ 21)  Complying with the internal policy that requires "at least two matching identifiers to report a criminal conviction on a consumer report," Asurint attached to the report to AAA Cooper the record of the North Carolina Department of Corrections (showing no middle name) and excluded the record of the North Carolina Administrative Office of the Courts (showing "Ferre" as the middle name of the convicted person).  (Docs. 45-1 ¶¶ 10, 27 and 45-1 ex. B)

      Also, before sending the report to AAA Cooper, Asurint failed to locate and consider the North Carolina criminal docket, which reveals an arrest warrant with a New Orleans address (where Blount never lived), a mugshot of a person that is not Blount, a signature that reads "Albert Blount" but fails to resemble Blount's signature, the signature of a lawyer whom Blount never hired, a different birthday, the middle name "Ferre," and an entry stating that the Smithfield, N.C., police department contributed the fingerprints of the person arrested.  (Doc. 45-2)

## II. Asurint's Second Investigation

Asurint e-mailed Blount a copy of the background report that AAA Cooper received. (Doc. 48-7 ¶¶ 33-34) Blount called Asurint to dispute the falsely attributed felonies, and Asurint requested from Blount a copy of Blount's driver's license (Docs. 45-1 ¶ 29 and 48-15) Upon receiving the copy of Blount's driver's license, Asurint again investigated Blount's background and focused specifically on Blount's objection that he had no felony conviction. (Doc. 45-1 ¶ 31) Asurint queried the North Carolina Department of Public Safety's records, which showed that Albert Blount, with a matching birthday, committed the two felonies. (Doc. 45-1 ¶ 32) And Asurint compared Blount's North Carolina driver's license number to the driver's license number that the convicting court had on record for the person convicted of each felony. Because the North Carolina Department of Safety corroborated the initial investigation and because the driver's license numbers matched, Asurint again concluded that the felony convictions belong to Blount. (Doc. 45-1 ¶ 34)

Upon receiving notice from Asurint that the second investigation led to no change in Blount's report, Blount disputed the report, asserted that he had committed no felony, and attached a letter in which the SBI confirms that a fingerprint search returns no North Carolina conviction for Blount. (Doc. 45-1 ex. H) Asurint contacted the SBI to validate the report's conclusion, but the SBI revealed no information to Asurint because of Asurint's status as a third party. (Doc. 45-1 ¶ 40) Ultimately, because the SBI letter reveals no criminal history for Blount and certain

papers include the middle name "Ferre," Asurint deleted the convictions from Blount's report and sent the new report to AAA Cooper. (Doc. 45-1 ¶ 41)

### III. Blount's alleged damages

On March 22, 2022, AAA Cooper rejected Blount's employment application because of Asurint's initial report. Blount notified AAA Cooper that Asurint's report incorrectly attributed each felony conviction to Blount. On March 29, 2022, AAA Cooper received Asurint's updated report, which showed no criminal history for Blount, and AAA Cooper offered Blount a full-time job as a truck driver. (Doc. 45-6 ¶ 14) Because of Asurint's report, Blount claims damage for lost wages, stress, sleepless nights, distrust from his wife, embarrassment because of his colleagues' beliefs that Blount is a felon, and high blood pressure. (Doc. 48-18 ¶¶ 170:01-18, 245:1-20)

## ANALYSIS

Blount asserts (1) that by reporting to AAA Cooper that Blount's criminal history includes two felonies, Asurint willfully or negligently violated 15 U.S.C. § 1681e(b), which requires Asurint to "follow reasonable procedures to assure maximum possible accuracy of the information concerning [Blount]," and (2) that Asurint willfully or negligently violated 15 U.S.C. § 1681i, which requires Asurint to "conduct a reasonable reinvestigation" after Blount disputes the accuracy of the initial report. Arguing generally that Blount proffers facts inadequate to support each claim, Asurint moves for summary judgment on each claim. Blount responds and adduces facts that Blount argues are at least sufficient to allow a jury to decide each claim.

I.   **Blount's Section 1681e(b) claim**

Under *Losch v. Nationstar Mortgage, LLC*, 995 F.3d 937, 944 (11th Cir. 2021), a credit reporting agency violates Section 1681e(b) if the credit reporting agency (1) fails to follow a reasonable procedure, (2) falsely reports about a consumer, and (3) causes damage to the consumer.  Because sufficient evidence exists to support each element, Asurint's argument for summary judgment fails.

Asurint argues that Blount "cannot prove the threshold element of inaccuracy" because "every indication" shows that the criminal convictions belong to Blount.  In support of this argument, Asurint cites each document that contains Blount's name, Blount's birthday, Blount's North Carolina address, Blount's driver's license number, a copy of Blount's driver's license, or a copy of Blount's Social Security card.  According to Asurint, each "identifier" shows that the two "disputed" convictions belong to Blount.

But Asurint oversimplifies the evidence.  During his deposition and in a declaration Blount states that Asurint falsely attributed the convictions to Blount and that he has never received a felony conviction.  The report from SBI reveals that a fingerprint search returns no criminal history for Blount.  Also, the records on which Asurint relies include discrepant details, such as an address where Blount never resided, a mugshot of someone other than Blount, another person's signature, the name and signature of a lawyer whom Blount never hired, a different date of birth, and a middle name (Blount has no middle name).

Asurint argues that no evidence supports a finding that Asurint failed to follow a reasonable procedure. But "in an overwhelming majority of cases" a jury should decide whether the reporting agency followed a reasonable procedure. *Cahlin v. General Motors Acceptance Corp.*, 936 F.2d 1151, 1156 (11th Cir. 1991). During the initial investigation, Asurint reviewed only two documents, one of which contained a middle name that Asurint ignored because Asurint did not know whether Blount has a middle name. Before concluding that each conviction belongs to Blount, Asurint could have asked for Blount's middle name, or Asurint could have reviewed another document, such as the easily accessible criminal docket, fraught with discrepant information. A jury should decide the reasonableness of this procedure, which led Asurint to stop the investigation after reviewing two documents, one of which contains discrepant information.

Finally, Asurint argues that Blount fails to show that "Asurint's reporting proximately caused him to suffer actual damages." According to Asurint, Blount's alleged damages of lost wages and delayed employment "are too speculative." But along with alleging lost wages, Blount explains that the report stressed Blount's marriage and caused Blount's embarrassment and sleepless nights, all of which constitute actual damage. Blount's statements in the deposition about his emotional and mental anguish "raise a jury question about damages." *Losch*, 995 F.3d at 944 (concluding that the plaintiff's affidavit that the plaintiff experiences "stress, anxiety, and lack of sleep" raises "a jury question about damages").

Also, Blount asserts that Asurint willfully violated Section 1681e(b).  A willful violation of Section 1681e(b) occurs if the credit reporting agency acts in accord with an objectively unreasonable view of the agency's duty under the section.  *Younger v. Experian Information Solutions, Inc.*, 817 Fed. Appx. 862, 870 (11th Cir. 2020).  Asurint argues that Blount adduces no evidence to support this claim.  But Section 1681e(b) imposes a duty on Asurint to employ a reasonable procedure to ensure the maximum possibly accuracy of a report.  After reviewing only two documents, one of which included an incorrect middle name, Asurint concluded that the convictions belong to Blount.  A jury could conclude that Asurint's ignoring discrepancies constitutes a willful violation.  Asurint's argument for summary judgment fails.

**II.   Blount's Section 1681i(a) claim**

Under Section 1681i(a), if the consumer disputes information in a report and the consumer directly notifies the agency of this dispute, the agency must reasonably investigate the disputed information and within thirty days after the dispute either record the status of the disputed information or delete the information from the report.  In the complaint, Blount asserts that "Asurint violated [Section 1681i] by failing to correct, update or delete inaccurate information in [Blount's] credit file."  But twenty-five days after receiving the dispute about Blount's report, Asurint deleted each conviction and sent the updated report to AAA Cooper.  Blount achieved the result for which he asked, and Asurint complied with the statute.  Summary judgment on this claim is warranted for both a negligent and a willful violation.

## CONCLUSION

For these reasons, Asurint's motion for summary judgment is **GRANTED-IN-PART**. This action proceeds on Count II, the Section 1681e(b) claim.

ORDERED in Tampa, Florida, on March 5, 2024.

                                           STEVEN D. MERRYDAY
                                           UNITED STATES DISTRICT JUDGE